UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| (1) JOSE LARIOS, | ) | Case No. 21-CR-10118-IT |
| (2) RAFAEL TORRES, and | ) | |
| (5) XINGRONG WU, a/k/a "Danny," | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America hereby submits the proposed jury instructions in response to the Court's pretrial order. The government requests that the Court instruct the jury in accordance with the proposed instructions, in addition to other instructions normally given by the Court. The government reserves its right to supplement or modify these instructions in light of the requests, if any, filed by the defendants and the evidence.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   /s/ *Stephen W. Hassink*
Leah B. Foley
Stephen W. Hassink
Assistant United States Attorneys

Date: June 20, 2023

1

**CSI EFFECT**

Let me talk for a moment about television and movies. Many people watch television shows or movies about police work or lawyers or the criminal justice system, and sometimes people are affected by that when they serve as jurors. Television shows and movies can create false expectations about real life; for example, how the trial is going to proceed, what the evidence might look like. You must decide this case on the evidence in front of you and the law as I give it to you. Do not decide this case, even in part, based on something you saw on television or in a movie. It's improper and unfair.

---

<u>Authorities</u>: Adapted from the preliminary charge in *United States v. Diana Piesak*, 06-40016-FDS.

## EXPERT WITNESSES

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

Authorities: 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 2.07.

## COOPERATING WITNESS TESTIMONY

You have heard the testimony of one witness who: (1) provided evidence under agreements with the government, (2) participated in the crimes charged against the defendants; and (3) hopes to receive a recommendation for a lesser sentence for his own criminal conduct from the government in exchange for providing information and testifying at this trial.

You also have heard the testimony of one witness who: (1) provided evidence under agreements with the government, and (2) although not an employee of the DEA, received monetary compensation for his work on this case and in other DEA investigations.

Some people in these positions are entirely truthful when testifying. Still, you should consider the testimony of such witnesses with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves. You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits received from the government as a result of their cooperation. For the witness involved with the defendants in the crimes charged in this case, you may consider his guilty plea in assessing his credibility, but you are not to consider his guilty plea as evidence against these defendants in any way.

Authorities: Adapted from 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 2.08.

## PROOF MAY BE DISJUNCTIVE

To the extent the indictment uses the conjunctive word "and," it is sufficient if the government proves the offense in the disjunctive, as if the word "or" had been used.

---

Authorities: *See United States v. Garcia-Torres*, 341 F.3d 61, 66 (1st Cir. 2003) ("where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means"); *United States v. McCann*, 465 F.2d 147, 162 (5th Cir. 1972); *Fields v. United States*, 408 F.2d 885, 887 (5th Cir. 1969).

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.

You are entitled to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Circumstantial evidence alone may be sufficient to convict a defendant if it persuades you beyond a reasonable doubt that a defendant is guilty of the offenses alleged in the Indictment.

---

Authorities: Adapted from 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 3.05; *United States v. Clifford*, 979 F.2d 896, 898 (1st Cir. 1992); *United States v. Wight*, 968 F.2d 1393, 1395 (1st Cir. 1992); *United States v. Batista-Polanco*, 927 F.2d 14, 17-18 (1st Cir. 1992).

## INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that has been presented during the course of this trial.  That is the power to draw inferences.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

_

Authorities: Adapted from 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 3.04; *United States v. Clifford*, 979 F.2d 896, 898-99 (1st Cir. 1992); *States v. Batista-Polanco*, 927 F.2d 14, 17-18 (1st Cir. 1992).

## PUNISHMENT

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not a defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon a defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Authorities: Sand, Modern Federal Jury Instructions: Criminal, § 9-1 (1990).

## STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Authorities: Adapted from 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 2.01.

## PREPARING WITNESSES

Some mention has been made of the lawyers having prepared witnesses to testify.  There is nothing wrong with a lawyer preparing a witness to testify.  If the lawyers did not do some preparation, this case would be much longer than it has been.  It is to be expected that when a lawyer puts a witness on the stand for direct examination, the lawyer will have met with the witness and know what the answers are going to be most of the time, that is, assuming the witness is willing to talk to the lawyer ahead of time.

The fact that a witness met with a lawyer prior to that witness testifying before you, standing alone, should not usually cause you to discredit the testimony of that witness.  You may, however, consider the fact that a witness was willing to meet, or not meet, with one side or the other, prior to this case, in evaluating the witness's testimony.  You may also consider whether any such meeting did, in fact, influence the witness's testimony.

Authorities: *United States v. Richard Rosario*, No. 16-cr-30044-MGM, Docket # 1193 at 18 (D. Mass. February 10, 2020).

## MOTIVE

The question of whether someone committed an act knowingly or intentionally should never be confused with the motivation for the act. Motive is what prompts a person to act or fail to act. The concept of motive is different than the concept of knowledge or intent. Intent and knowledge refer only to the state of mind with which the act is done or omitted.

The government is never required to prove motive. In addition, good motive, if any, is never a defense where the act done or omitted is a crime. For purposes of determining innocence or guilt, therefore, the motive of a defendant is immaterial except insofar as evidence of motive may aid in the determination of his state of mind or his intent.

---

Authorities: Devitt, Blackmar, Wolff, and O'Malley, *Federal Jury Practice and Instructions*, §17.06 (4th ed. 1992); *United States v. Payne*, 83 F.3d 346, 347 (10th Cir. 1996) (finding carjacker's motive for stealing car irrelevant).

## CONSPIRACY

The defendants are accused of conspiring to commit two federal crimes. Specifically, Mr. Larios and Mr. Torres are accused of conspiring to commit the crime of distributing fentanyl or cocaine and possessing fentanyl or cocaine with the intent to distribute the drugs to others. All three defendants are accused of conspiring to commit the crime of laundering money.  It is against federal law to conspire with someone to commit these crimes.  I will discuss the specific elements of the crimes of distribution and possession with intent to distribute fentanyl or cocaine and the crime of money laundering shortly.

First, I would like to describe in general what a conspiracy is.  A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to accomplish some unlawful purpose.  The crime of conspiracy is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."  Indeed, you may find the defendant guilty of the crime of conspiracy even though the substantive crime that was the object of the conspiracy was not committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.

For you to find a defendant guilty of conspiracy to distribute and to possess with intent to distribute fentanyl or cocaine, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to distribute and to possess with intent to distribute fentanyl or cocaine; and

Second, that the defendant willfully joined in that agreement.

To find the defendant guilty of conspiracy to launder money, in addition to the two elements I just mentioned, you must also find a third element. You must find that at least one member of the conspiracy to launder money committed at least one overt act to further the purpose of the conspiracy. An overt act is any act knowingly committed to accomplish some purpose of the conspiracy. Only one overt act must be proved. The government is not required to prove that the defendants personally committed or even knew about the overt act. It is enough to satisfy this element if a conspirator committed an overt act at some time during the life of the conspiracy. This is known as an overt act requirement. As a reminder, there is no requirement that the government prove an overt act in furtherance of the conspiracy to distribute fentanyl or cocaine. This requirement only applies to the money laundering conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident, or mistake. The government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but

you may consider it among other factors.   Intent may be inferred from the surrounding circumstances.

Proof that each defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions.   You need not find that a defendant agreed specifically to or knew about all the details of the crime or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.   Even if a defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.   On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt.   A conspirator's liability is not measured by the extent or duration of his participation.   Indeed, each member may perform separate and distinct acts and may perform them at different times.   One conspirator may play a major role, while another may play a minor part in the scheme.   An equal role is not what the law requires.   In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.   I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy.   Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member.   A person may know, or be friendly with, a criminal, without being a criminal himself.   Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved.

Nor do you have to find that any individual who participated in the conspiracy ever possessed a controlled substance.  The crime of conspiracy is complete upon the agreement to commit the underlying crime.

If you find that a defendant is guilty of the charge of conspiracy to distribute and to possess with intent to distribute fentanyl or cocaine, you will also have to determine whether the government has proven beyond a reasonable doubt that the conspiracy of which the defendant was a member involved 400 grams or more of fentanyl or five kilograms or more of cocaine attributable to, or foreseeable by, the defendant.

Authorities: Adapted from 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 4.18.371(1); Sand, Modern Federal Jury Instructions, § 19.01 (2012); *United States v. Martinez-Medina*, 279 F.3d 105, 113-14 (1st Cir. 2002); *United States v. Rosa*, 17 F.3d 1531, 1543-44 (2d Cir. 1994); *United States v. Pinellos-Prieto*, 419 F.3d 61, 66, 68-69 (1st Cir. 2005) (affirming conspiracy conviction where "[n]o drugs, money, or weapons were ever found on or near any defendant"); *United States v. Etienne*, 772 F.3d 907, 923 (1st Cir. 2014); *Alleyne v. United States*, 570 U.S. 99, 115-16 (2013).

## CONSPIRACY—SILENT UNDERSTANDING

In order to establish the existence of a conspiracy, the government need not show that the conspirators entered into any express agreement or formal agreement.  It is not necessary to show that the conspirators directly, by spoken or written words, stated among themselves exactly what their object or purpose was, or exactly what the details of the scheme were, or exactly what means they would adopt to achieve their goals.  Indeed, it would be extraordinary if there were or had been such formal meeting, or documents, or even a specific oral agreement.  A conspiracy is, by its very nature, usually secret in its origin and its execution.  It is sufficient if the government demonstrates conduct evidencing a silent understanding to share a purpose to violate the law.

---

Authorities:  *United States v. Paramount Pictures, Inc.*, 334 U.S. 131, 142 (1948); *United States v. Rivera-Santiago*, 872 F.2d 1073, 1079 (1st Cir. 1989); United States v. Addonizio, 451 F.2d 49, 74 (3d Cir. 1971); *United States v. Palladino*, 203 F. Supp. 35, 37-38 (D. Mass. 1962).

## CONSPIRACY—CIRCUMSTANTIAL EVIDENCE OF AGREEMENT

Because a conspiracy by its very nature is often secret, neither the existence of the agreement, nor the fact of a defendant's participation in it, must be proved by direct evidence; both may be inferred from the development and course of the dealings between the defendants and the other alleged conspirators.

---

Authorities: *United States v. Rivera-Santiago*, 872 F.2d 1073, 1079 (1st Cir. 1989); *United States v. Stubbert*, 655 F.2d 453, 456 (1st Cir. 1981); *United States v. Hathaway*, 534 F.2d 386, 400-401, (1st Cir. 1976); *United States v. Guerro*, 693 F.2d 10, 12 (1st Cir. 1982); *United States v. Patterson*, 644 F.2d 890, 893 (1st Cir. 1981); *United States v. Nardi*, 633 F.2d 972 (1st Cir. 1980).

### RESPONSIBILITY FOR ALL ONGOING ACTIONS OF CO-CONSPIRATORS

A co-conspirator is responsible for all actions taken by his co-conspirators in furtherance of the conspiracy while the co-conspirator is a member.  So long as the partnership in crime continues, the partners act for each other in carrying it forward.  Any act of one partner may be the act of all without any new agreement specifically directed to that act.

---

Authorities: *Pinkerton v. United States*, 328 U.S. 640, 646-47 (1946).

## CONSPIRACY—TIME PERIOD

The Indictment alleges that the conspiracies charged in counts one and two began in or about November 2019 and continued until about August 2020. In determining whether a defendant conspired as charged, you need not find that the conspiracy existed during the entire period charged. It is sufficient that you find that the conspiracy was in existence for any period of time which included the period alleged in the Indictment, and that the defendant was a member of the conspiracy during that period.

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

I have admitted into evidence certain acts and statements of various individuals because these acts and statements are alleged to have been committed during the course and in furtherance of the crime.

The reason for allowing this evidence to be received against this defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions. This is so even if the acts or statements in question were done or made in the absence of the defendant and without his knowledge.

However, before you consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, you may not consider them as evidence against the defendant.

Authorities: *See United States v. Petrozziello*, 548 F.2d 20, 23 (1st Cir. 1977); L.B. Sand, *Modern Federal Jury Instructions: Criminal*, § 19-9 (1990); *United States v. Angiulo*, 847 F. 2d 956, 969 (1st Cir. 1988) ("As long as it is shown that a party, having joined a conspiracy, is aware of the conspiracy's features and general aims, statements pertaining to the details of plans to further the conspiracy can be admitted against the party even if the party does not have specific knowledge of the acts spoken of."); Devitt and Blackmar, *Federal Jury Practice and Instructions*, §14.13 (3d ed. 1977).

## DISTRIBUTION/POSSESSION WITH INTENT TO DISTRIBUTE
## FENTANYL/COCAINE

The defendant is charged with conspiring to distribute and to possess with intent to distribute fentanyl and cocaine.  The government does not need to prove that the distribution or possession with intent to distribute actually occurred for you to find the defendant guilty of conspiracy.  However, so that you have a basic understanding of those two crimes, distribution and possession with intent to distribute, I will provide you with the elements.

The elements of distribution are as follows:

First, the distributor transferred fentanyl or cocaine to another person;

Second, that the distributor knew that the substance was a controlled substance; and

Third, that the distributor acted intentionally, that is, that it was his conscious object to transfer the controlled substance to another person.

It is not necessary that the defendant have benefitted in any way from the transfer.

The elements of possession with intent to distribute are as follows:

First, that the possessor possessed fentanyl or cocaine, either actually or constructively;

Second, that the possessor did so with a specific intent to distribute the fentanyl or cocaine over which he had actual or constructive possession; and

Third, that the possessor did so knowingly and intentionally.

It is not necessary that the possessor actually delivered the fentanyl or cocaine to someone else, or that he made any money out of the transaction.

Again, the government does not need to prove the elements of these crimes.  I am providing you with the elements solely for your understanding of the crimes the government alleges were the goals of the charged drug trafficking conspiracy.

---

Authorities: *See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, §§ 4.21.841(a)(1)A and 4.21.841(a)(1)B.

### CONTROLLED SUBSTANCE

As a matter of law, I instruct you that fentanyl and cocaine are Schedule II controlled substances and are treated just as any other Schedule II controlled substance under federal law. You must take this as a fact, regardless of your personal feelings about whether or not fentanyl or cocaine should be classified as a controlled substance under federal law.

## MONEY LAUNDERING

The defendant is charged with conspiring to launder money.  The government does not need to prove that the money laundering actually occurred for you to find the defendant guilty of conspiracy.  However, so that you have a basic understanding of the underlying crime of money laundering, I will provide you with the elements.

First, that the defendant knowingly conducted or attempted to conduct a financial transaction;

Second, that the transaction involved the use of proceeds of unlawful activities, specifically, proceeds of drug trafficking;

Third, that the defendant knew that these were the proceeds of some kind of crime that amounts to a state or federal felony; and

Fourth, that the defendant knew that the transaction or transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of that specified unlawful activity.

The term "conduct" means to initiate, conclude, or participate in the initiating or concluding of a financial transaction.

The term "financial transaction" means any transaction which involves any one or more of the following:

- the movement of funds by wire or other means which in any way or degree affects interstate or foreign commerce;

- the use of one or more monetary instruments in any way or degree which affects interstate or foreign commerce; or

- the use of a financial institution which is engaged in, or the activities of which, affect interstate or foreign commerce.

The term "monetary instrument" includes coin or currency of the United States or of any other country, personal checks, and bank checks.

Again, the government does not need to prove the elements of the crime of money laundering.  I am providing you with the elements solely for your understanding of the crime the government alleges was the goal of the charged money laundering conspiracy.

Authorities: *See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.18.1956(a)(1)(B)(i).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

<u>/s/ Stephen W. Hassink</u>
Stephen W. Hassink
Assistant United States Attorney

Date: June 20, 2023