**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) JOSE LARIOS,<br>(2) RAFAEL TORRES, and<br>(5) XINGRONG WU, a/k/a "Danny,"<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal No. 21-CR-10118-IT |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE REGARDING STATEMENT OF COCONSPIRATOR**

The United States of America, by and through the Acting United States Attorney for the District of Massachusetts, Joshua S. Levy, and Assistant United States Attorneys Leah B. Foley and Stephen W. Hassink, respectfully opposes the Defendant Jose LARIOS's Motion in Limine to Exclude Statements made by Coconspirator Rafael TORRES ("Defendant's Motion"). Docket No. 164. On May 19, 2021, Special Agents from the Drug Enforcement Administration ("DEA") arrested codefendant Rafael TORRES pursuant to a federal arrest warrant. After his arrest, agents provided TORRES with *Miranda* warnings and TORRES made several statements to investigators. In his statements, he inculpated both himself and LARIOS.

In summary, and as described in a DEA report produced to the defendant, TORRES stated that he lived at his residence, Palm Gate Apartments, 5204 Pendleton Ave., South Gate, CA for approximately one year.[1] TORRES stated that while in Boston, in February 2020, he picked up $65,000 and brought it back to his hotel room and counted it. On that same day, TORRES stated he left the $65,000 in the hotel room and an unidentified black male came and retrieved the money.

[1] During a search of TORRES's residence, agents found numerous cell phones and firearms.

TORRES stated he flew home to California the next day. TORRES stated that LARIOS told him to go to Boston to make this pickup and that TORRES was still awaiting payment from LARIOS for this transaction. TORRES stated he had performed mechanical work as an employee for LARIOS and had known LARIOS for 15 years. TORRES also said that they had parties in LARIOS's office at JDS Transport. At trial, the government plans to introduce TORRES's post-arrest statements through the testimony of a DEA Agent present during TORRES's interview. In this testimony, the government expects the testifying agent to refer to LARIOS simply as "another person" or "another guy" while describing TORRES's statements.

With that alteration, the Court should admit the Agent's testimony about TORRES's statements for the purpose of showing TORRES's knowledge and understanding of the illicit transactions and operational logistics within the charged conspiracy; to show TORRES did, indeed, participate in the conspiracy by traveling to Boston from California to pick up drug proceeds; to show that this charged conspiracy did in fact involve other coconspirators, one of whom sent TORRES to make the February 2020 money pickup; and to show TORRES had known and worked with that other coconspirator for an extended period of time, and thus TORRES was a trusted member of the conspiracy. With the proposed alteration, and a limiting instruction from the Court that this evidence should be considered only as to TORRES, this summary appropriately avoids any Confrontation Clause issues under *Bruton v. United States* and its progeny.

ARGUMENT

A defendant's confession, or "any self-incriminating statement made or given orally or in writing," "shall be admissible in evidence if it is voluntarily given." 18 U.S.C. § 3501 (a)-(e). Such a statement is also admissible at trial under Federal Rule of Evidence 801(d)(2)(A) as an opposing

party's statement "made by the party in an individual or representative capacity."[2] However, in a joint trial involving multiple codefendants, under *Bruton v. United States*, "a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant." *Richardson v. Marsh*, 481 U.S. 200, 201–02 (1987). However, where "(1) the confession has been modified to avoid directly identifying the nonconfessing codefendant and (2) the court offers a limiting instruction that jurors may consider the confession only with respect to the confessing codefendant," the confession is properly admitted and does not violate the Confrontation Clause. *Samia v. United States*, No. 22-196, 2023 WL 4139001, at *3 (U.S. June 23, 2023); *see also United States v. Padilla-Galarza*, 990 F.3d 60 (1st Cir. 2021) ("[T]he *Bruton* rule does not present courts with an all-or-nothing proposition. The case law makes manifest that redaction is an acceptable means of curing a potential *Bruton* violation."). Importantly, a "redaction that replaces a defendant's name with an obvious indication of deletion, such as a blank space, the word 'deleted,' or a similar symbol, still falls within *Bruton*'s protective rule" and violates the Confrontation Clause. *Gray v. Maryland*, 523 U.S. 185, 192 (1998). However, redactions to the confession which refer to the nonconfessing defendant in a "neutral" way such as "some other person" or "a few other guys" along with a limiting instruction satisfy the Confrontation Clause and fall outside *Bruton*'s narrow exception. *See Samia,* 2023 WL 4139001, at *10. Those are the precise redactions the government proposes in this case.

[2] In Defendant's Motion, LARIOS argues that TORRES's statements should not be admitted the statements of a coconspirator under Federal Rule of Evidence 801(d)(2)(E) because TORRES did not make the statements to arresting officers in furtherance of the conspiracy. Defendant's Motion at 1. The government agrees and seeks to admit TORRES's statements under Federal Rule of Evidence 801(d)(2)(A) as described in this Opposition.

Here, the government proposes to redact, through agent testimony, TORRES's post-arrest statements to refer to LARIOS simply as "another person," or "another guy." The agent will testify that another person sent TORRES to pick up the $65,000 in drug proceeds and that the other person still had not paid him. The agent will also testify that TORRES worked for that other person for an extended period of time. This redaction of LARIOS's name brings TORRES's post-arrest statements clearly within the requirements of *Bruton* and mirrors the redactions the Supreme Court recently endorsed in *Samia*. Along with the redactions, the jury will hear evidence that this conspiracy involved coconspirators in addition to LARIOS, including an unindicted coconspirator "Alejandro" based in Mexico. The presence of additional coconspirators further avoids any potential *Bruton* issue, given that the mention of another unnamed person's involvement would not "obviously refer" to a specific person like LARIOS. *See Gray*, 523 U.S. at 196.[3]

CONCLUSION

Because TORRES's post-arrest statements, properly redacted to refer to LARIOS only as "another person" or "another guy," do not present Confrontation-Clause issues under *Bruton* or

[3] Although Defendant LARIOS does not argue for severance of the trials of TORRES and LARIOS based on the admission of TORRES's post-arrest statements, this argument, too, would be unavailing. *See Samia*, 2023 WL 4139001, at *10 ("Joint trials have long played a vital role in the criminal justice system, preserving government resources and allowing victims to avoid repeatedly reliving trauma. Further, joint trials encourage consistent verdicts and enable more accurate assessments of relative culpability.") (internal alterations, citations, and quotation marks omitted).

its progeny, they should be admitted at trial as statements of a party opponent under Federal Rule of Evidence 801(d)(2)(A) subject to a limiting instruction by the Court.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: /s/ *Stephen W. Hassink*
Leah B. Foley
Stephen W. Hassink
Assistant United States Attorneys

Date: June 27, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Stephen W. Hassink*
Stephen W. Hassink
Assistant United States Attorney

Date: June 27, 2023